IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA TILLIS<br>15711 Marble Bluff Lane<br>Houston, TX 77049<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CROSBY INDEPENDENT SCHOOL<br>DISTRICT<br>14670 FM 2100<br>Crosby, TX 77532<br><br><br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR**<br>**DAMAGES**<br><br>**JURY DEMAND**<br>**ENDORSED HEREIN** |

Plaintiff, Yolanda Tillis, by and through undersigned counsel, as her

Complaint against Defendant(S), states and avers the following:

## **PARTIES, JURISDICTION & VENUE**

1. Tillis is a resident of the city of Houston, county of Harris, state of Texas.

2. Crosby ISD is a public school district that operates a place of business located at

   14670 FM 2100, Crosby, TX 77532.

3. Crosby Independent School District was at all times hereinafter mentioned an

   employer within the meaning of Title VII of the Civil Rights Act, ("Title VII"),

   42 U.S.C. 2000e-2 *et seq*.

4. Crosby ISD hires citizens of the state of Texas, contracts with companies in Texas, and owns or rents property in Texas. As such, the exercise of personal jurisdiction over Crosby ISD comports with due process.

5. This cause of action arose from or relates to the contracts of Crosby ISD with Texas residents, thereby conferring specific jurisdiction over Crosby ISD.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1341 inasmuch as the matters in controversy are brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Tillis' state law claims because those claims derive from a common nucleus of operative facts.

8. Venue is proper in this District because the wrongs herein alleged occurred in this District.

9. Within 300 days of the conduct alleged below, Tillis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 460-2025-00880 against Crosby ISD operating at 14670 FM 2100, Crosby, TX 77532.

10. On or about 01/28/2026 the EEOC issued and mailed a Notice of Right to Sue letter to Tillis regarding the Charges of Discrimination brought by Tillis against Crosby ISD in EEOC Agency Charge No. 460-2025-00880.

11. Tillis received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

12. Tillis has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Tillis has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. Tillis is a former employee of Crosby ISD.

15. Crosby ISD hired Tillis on or around October 15, 2019, as a Bus Driver.

16. Tillis is African American.

17. At all material times herein, Crosby ISD hired Misti Mason as Transportation Director.

18. Mason was Tillis' direct supervisor.

19. On or around August 2023, Mason started to have a heightened scrutiny that Tillis did not observe being imposed on her white co-workers.

20. On or around August 17, 2023, Mason issued repeated frivolous write-ups.

21. On or around August after the repeated write-ups, Tillis reported her racial discriminatory concerns to Human Resources.

22. Tillis explained to Human Resources that Mason treated Tillis differently from other bus drivers based on her race.

23. Human Resources failed to take action based on Tillis' concerns.

24. On or around October 1, 2023, James (Last Name Unknown) and Mason made explicit and racist remarks that Tillis' heard.

25. James and Mason made comments about black people having large behinds and referenced where African Americans had been lynched.

26. On or around November 7, 2023, Tillis believes she was unnecessarily placed on leave and required to take a drug test that non-African American bus drivers were not required.

27. Tillis has knowledge and/or belief that Traci (Last Name Unknown) had never been written up, even though she had slanted a bus multiple times.

28. Tillis has knowledge or belief that other non-African American's that have been accidents were not required to take a drug test or placed on administrative leave.

29. On or around September 16, 2023, a mechanic, Thomas (Last Name Unknown), made inappropriate sexual comments to Tillis and grabbed inappropriately.

30. Tillis believes that Cyleca (Last Name Unknown) and Tina (Last Name Unknown) witnessed Thomas' sexual harassment toward Tillis.

31. Tillis reported this sexual harassment to Mason.

32. Crosby ISD and Mason failed to investigate Tillis' claims.

33. Crosby ISD and Mason failed to discipline Thomas.

34. Crosby ISD and Mason failed to protect Tillis.

4

35. Crosby ISD and Mason's failure to protect Tillis caused Tillis to continue to face discrimination and harassment throughout her employment.

36. On or around April 3, 2024, Crosby ISD terminated Tillis' employment.

37. Crosby ISD has a policy against race discrimination. ("Discrimination Policy")

38. Crosby ISD has a policy against sexual harassment. ("Harassment Policy")

39. Race discrimination violates the Discrimination Policy.

40. Sexual harassment violates the Harassment Policy.

41. Alternatively, Mason's race discrimination and Thomas' sexual harassment are permitted by Crosby ISD.

42. Crosby ISD discriminated against Tillis on the basis of her race.

43. Crosby ISD has a policy to investigate reports of discrimination and harassment.

44. An investigation should include interviewing the complainant.

45. An investigation should include interviewing the subject of the complaint.

46. An investigation should include interviewing the subject of the reported discrimination and harassment.

47. An investigation should include interviewing witnesses to the reported discrimination and harassment.

48. An investigation should include getting a written statement from the subject of the reported discrimination and harassment.

49. In response to Tillis' report of discrimination, Crosby ISD did not interview Tillis.

50. In response to Tillis' report of sexual harassment, Crosby ISD did not interview Tillis.

51. In response to Tillis' report of discrimination, Crosby ISD did not interview James or Mason.

52. In response to Tillis' report of sexual harassment, Crosby ISD did not interview Thomas.

53. In response to Tillis' report of sexual harassment, Crosby ISD did not interview witnesses.

54. In response to Tillis' report of discrimination, Crosby ISD did not get a written statement from James or Mason.

55. In response to Tillis' report of sexual harassment, Crosby ISD did not get a written statement from Thomas.

56. In response to Tillis' report of sexual harassment, Crosby ISD did not get a written statement from witnesses.

57. On or around April 7, 2024, Crosby ISD told Tillis that her employment was terminated because she had no more time off.

58. Crosby ISD did not try to confirm if Tillis could return to work before terminating her.

59. Crosby ISD's purported reason for Tillis's termination is pretext for discrimination.

60. Defendants' did not proffer a legitimate non-discriminatory reason for terminating Tillis.

61. Upon information and belief, Tillis' termination of employment, Defendants hired or retained an individual outside of Tillis' protected class to replace Tillis.

62. As a result of Defendant's conduct, Tillis suffered, and will continue to suffer damages.

## COUNT I: <u>RACE DISCRIMINATION IN VIOLATION OF T.L.C. 21.051</u>

63. Tillis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. Throughout her employment, Tillis was fully competent to perform her essential job duties.

65. Crosby ISD treated Tillis differently than other similarly situated employees based on her race.

66. Crosby ISD violated T.L.C. § 21.051 et seq. by discriminating against Tillis due to her race.

67. On or about February 17, 2025, Crosby ISD terminated Tillis without just cause.

68. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

69. Defendants terminated Tillis based on her race.

70. Defendants violated T.L.C. § 21.051 et seq. when they terminated Tillis based on her race.

71. Tillis suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to T.L.C. § 21.2585 et seq.

72. As a direct and proximate result of Defendants' conduct, Tillis has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: <u>RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981</u>

73. Tillis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Tillis is African American.

75. Tillis is a member of a statutorily protected class based on her race under 42 U.S.C. § 1981.

76. Throughout her employment, Tillis was fully competent to perform her essential job duties.

77. Crosby ISD treated Tillis differently than other similarly-situated employees based on her race.

78. Crosby ISD discriminated against Tillis on the basis of her race throughout her employment with the company.

79. On or about April 7, 2024, Crosby ISD terminated Tillis based on her race.

80. Crosby ISD's discrimination against Tillis based on her race violates 42 U.S.C. § 1981.

81. As a direct and proximate result of Crosby ISD's conduct, Tillis suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: SEXUAL HARASSMENT UNDER T.L.C. § 21.141

82. Tillis restates each and every paragraph of this Complaint as though it were fully restated herein.

83. Tillis was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

84. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

85. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendants, Tillis repeatedly reported the sexual harassment to her supervisor both verbally and in writing.

86. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of T.L.C. § 21.141 *et seq.*

87. Crosby Independent School District's sexual harassment of Tillis occurred while she was acting in the course and scope of her employment as Bus Driver.

88. Tillis's supervisor had knowledge of Crosby Independent School District's sexual harassment and failed to take any corrective or remedial action.

89. As a direct and proximate result of Crosby Independent School District's conduct, Tillis has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV: <u>SEXUAL HARASSMENT UNDER TITLE VII</u>

90. Tillis restates each and every paragraph of this Complaint as though it were fully restated herein.

91. Tillis was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

92. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

93. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendants, Tillis repeatedly reported the sexual harassment to her supervisor both verbally and in writing.

94. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of 29 CFR § 1604.11.

95. Crosby Independent School District's sexual harassment of Tillis occurred while she was acting in the course and scope of her employment as Bus Driver.

96. Tillis's supervisor had knowledge of Crosby Independent School District's sexual harassment and failed to take any corrective or remedial action.

97. As a direct and proximate result of Crosby Independent School District's conduct, Tillis has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT V: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e et seq.

98. Tillis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

99. As a result of the Defendant's discriminatory conduct described above, Tillis complained about the discrimination she was experiencing.

11

100. Subsequent to Tillis's reporting of discrimination to Crosby ISD, Crosby ISD failed to take prompt remedial action.

101. Subsequent to Tillis's reporting of discrimination to Crosby ISD, Crosby ISD ratified the discrimination that Tillis suffered.

102. Subsequent to Tillis's reporting of discrimination to Crosby ISD, Crosby ISD terminated Tillis's employment.

103. Crosby ISD's actions were retaliatory in nature based on Tillis's opposition to the unlawful discriminatory conduct.

104. As a result of Defendant's sexual harassment described above, Tillis complained about the sexual harassment she was experiencing.

105. Subsequent to Tillis's reporting of sexual harassment to Crosby ISD, Crosby ISD failed to take prompt remedial action.

106. Subsequent to Tillis's reporting of sexual harassment to Crosby ISD, Crosby ISD ratified the discrimination that Tillis suffered.

107. Subsequent to Tillis's reporting of sexual harassment to Crosby ISD, Crosby ISD terminated Tillis's employment.

108. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Tillis, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Yolanda Tillis demands from Defendants the following:

(a) Issue an order requiring Crosby ISD to restore Tillis to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Tillis for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Tillis's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Austin Stelter, Esq.*

Austin Stelter (24136409)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive
Suite 200
Independence, OH 44131
Phone: (281) 397-3475
Fax:   (216) 291-5744
Email: austin.stelter@spitzlawfirm.com

*Attorney For Plaintiff*
*Yolanda Tillis*

14

## JURY DEMAND

Plaintiff Yolanda Tillis demands a trial by jury by the maximum number of jurors permitted.

/s/ *Austin Stelter* Austin Stelter, Esq. (24136409)